IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL G. RAMIREZ,

                Plaintiff,

v.

DANE COUNTY, WISCONSIN, DEPUTY SETH J. WOLLENZIEN, DEPUTY BRAIN C. RILEY, DEPUTY MICHAEL A. HAURE, CORRECT CARE SOLUTIONS, LLC, NURSE SHANNON, B. WIERSMA, STEPHANIE RIOS, and JOHN/JANE DOE(S),

                Defendants.

ORDER

20-cv-1027-wmc[1]

---

I allowed plaintiff Gabriel G. Ramirez to proceed in part on his second amended complaint. As relevant here, I dismissed Ramirez's claims against defendants Brandon and Wiedenfeld because his allegations against them were conclusory and failed to suggest that they violated his civil rights. Dkt. 14 at 9. I dismissed Ramirez's due process claim because: (1) his allegations failed to suggest that his disciplinary segregation imposed an atypical and significant hardship on him; and (2) his short stay in segregation failed to create a liberty interest creating procedural due process protections. *Id.* at 11–12.

Ramirez seeks reconsideration of these rulings. Dkt. 16. Ramirez contends that Wiedenfeld participated in the alleged excessive force of defendants Riley and Haure, and that Brandon and Wiedenfeld failed to intervene in nondefendant Sween's alleged excessive force. As for his due process claim, Ramirez contends that his disciplinary hearing was marred by procedural shortcomings.

---

[1] I am exercising jurisdiction over this case for screening purposes only.

I did not err in dismissing Ramirez's due process claim. Ramirez's motion fails to address the reasons for which I dismissed this claim, and the claim is legally frivolous in view of his short stay in segregation.

Nor did I err in dismissing Ramirez's claims against Brandon and Wiedenfeld. The allegations in Ramirez's motion for reconsideration may support excessive force and failure-to-intervene claims against these individuals, but Ramirez failed to include these allegations in his second amended complaint. *See Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017) (screening under 28 U.S.C. § 1915(e)(2) tests the legal sufficiency of the complaint's allegations). I will, however, allow Ramirez to file a supplement, not to exceed two (2) pages, in which he attempts to state excessive force and failure-to-intervene claims against Brandon and Wiedenfeld based on the allegations in his motion for reconsideration. Ramirez may not allege any other claims in his supplement, or attempt to allege the claims in his supplement against any other individuals. If Ramirez's supplement fails to comply with this order, the court will not consider it.

ORDER

IT IS ORDERED that:

1. Plaintiff Gabriel G. Ramirez's motion for reconsideration, Dkt. 16, is DENIED with prejudice in part and DENIED without prejudice in part.

2. Plaintiff has until May 13, 2023, to file a supplement, not to exceed two (2) pages, in accordance with this order.

3. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

4. The clerk of court is directed to send plaintiff a copy of this order.

Entered April 13, 2023.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge