IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL G. RAMIREZ,

                Plaintiff,                  OPINION AND ORDER

   v.                                                  20-cv-1027-wmc

DANE COUNTY, WISCONSIN,
SETH J. WOLLENZIEN, BRIAN C. RILEY,[1]
RYAN P. BRANDON, MELISSA A. WIEDENFELD,
MICHAEL HAURE, CORRECT CARE
SOLUTIONS, LLC, NURSE SHANNON, B. WIERSMA,
STEPHANIE RIOS, and JOHN/JANE DOE(S),

                Defendants.

---

Plaintiff Gabriel Ramirez, who is unrepresented and currently incarcerated at Fox Lake Correctional Institution, is proceeding on the following claims arising out of his alleged assault at the Dane County Jail on November 12, 2014: (1) an Eighth Amendment excessive force claim against Dane County Sheriff's Deputies Seth Wollenzien, Brian Riley, Michael Haure, Ryan Brandon, Melissa Wiedenfeld, and John/Jane Doe(s) (referred to as "the county defendants"); (2) a First Amendment retaliation claim against Wollenzien; (3) an Eighth Amendment medical care claim against Nurses Shannon, Stephanie Rios, B. Wiersma, and Jane/John Doe(s) staff of Correct Care Solutions, LLC (referred to as the "health care defendants"); and (4) an Eighth Amendment *Monell* claim regarding medical care against Correct Care Solutions and Dane County. (*See* screening ords., dkt. ##14 and 30.) Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that all of plaintiff's lawsuit is barred by the doctrines of issue and

---

[1] The court has revised the caption to correct the spelling of defendant Riley's first name.

claim preclusion as a result of his having brought an earlier lawsuit inn this court arising out of the same alleged assault. (Dkt. ##41 and 48.) For the reasons discussed below, the court agrees that claim preclusion bars all but plaintiff's medical care and *Monell* claims, to which neither claim nor issue preclusion apply. Accordingly, the court will grant the county defendants' motion to dismiss plaintiff's excessive force and First Amendment retaliation claims, but deny the county and health care defendants' motions to dismiss plaintiff's medical care and *Monell* claims, on which plaintiff may continue to proceed past the pleading stage.

BACKGROUND

In its two, previous screening orders, the court summarized plaintiff's earlier lawsuit in *Ramirez v. Kranski et al.*, 15-cv-365-wmc (W.D. Wis. Mar. 4, 2015) (referred to as "*Ramirez I*"),[2] and the allegations contained in his current complaint and supplement (referred to as "*Ramirez II*"), which will not be repeated here. (*Ramirez II*, dkt. #14 at 1 and #30 at 2-5.) However, the court will discuss additional, relevant alleged facts as necessary in the analysis below.[3] Thus, this background summary of facts simply provides context for the opinion that follows.

---

[2] The court may take judicial notice of matters of public record, including the docket, decisions, and records filed in plaintiff's previous civil case in this court. *Guerrero v. Howard Bank*, 74 F.4th 816, 819 (7th Cir. 2023).

[3] In resolving a motion to dismiss under Rule 12(b)(6), the court views all factual allegations in the *Ramirez II* complaint and supplement in a light most favorable to plaintiff, including drawing all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

In *Ramirez I*, plaintiff alleged that he was physically assaulted and beaten at the Dane County jail by numerous sheriff's deputies[4] after refusing to follow an order to put on a blue jail shirt at a 5 a.m. headcount on November 12, 2014, causing him extensive injuries.[5] The court allowed plaintiff to proceed on excessive force claims against Deputies Sween and Kranski and John/Jane Does (*Ramirez I*, dkt. ##1, 13), but later dismissed the Doe defendants based on plaintiff's failure to identify them by the deadline for doing so (*Ramirez I*, dkt. #67 at 8-9). In particular, the court noted that "there has been no mystery as to the participants in the incident itself since shortly after its occurrence in 2014, given that the incident report prepared shortly after lists six responding officers (Wollenzien, Riley, Michael Haure, Sween, Kranski, Ryan Brandon, and Melissa Wiedenfeld)." *Id*. at 8. Following motion practice, plaintiff was allow to proceed to trial on his claims against Deputies Sween and Kranski, and the jury returned a verdict in favor of both defendants. (*Ramirez I*, dkt. ##169-70.)[6] The Seventh Circuit affirmed this court's final judgment on appeal. *See Ramirez v. Sween*, No. 21-2368, 2022 WL 1439397, at *1 (7th Cir. May 6, 2022).

Plaintiff filed his initial complaint in *Ramirez II* on November 12, 2020, less than two weeks before *Ramirez I* proceeded to trial. On June 28, 2021, plaintiff filed a motion

---

[4] Specifically, these jail employees were the Dane County Sheriff, Captain Anhalt, Lieutenant Bahler, Sergeant Connors, Sergeant Olson, Deputy Kranski, Deputy Sween, T. Diring, Deputy Merill, and John/Jane Does.

[5] Wollenzien was later identified as the deputy who gave this order.

[6] While the court twice recruited counsel to represent plaintiff pro bono, he chose to appear at trial unrepresented.

to consolidate his two cases on the ground that they have the same elements and evidence, which the court denied. Then, on May 20, 2022, a few weeks after his appeal was denied in *Ramirez I*, plaintiff filed an amended complaint in *Ramirez II*, alleging that: (1) after he refused to comply with Deputy Wollenzien's order to put on his blue jail shirt, a team of deputies -- including Riley, Haure, Brandon, Wiedenfeld, and John/Jane Does -- entered his cell and assaulted him as they placed him in a restraint chair and moved him to segregation; (2) Wollenzien and the others created false records to cover up the assault; (3) Nurses Shannon and Rios failed to treat him after the assault, ignoring his complaints about blood in his urine and his requests to see a doctor; (4) Shannon, Rios, the Doe medical staff, and the deputies failed to provide plaintiff with medical care for his cardiorespiratory problems, leaving him to die; (5) Wiersma denied plaintiff's medical grievance on the ground that plaintiff had received proper medical care; and (6) Correct Care and Dane County had policies of refraining from transporting prisoners to hospitals even in medical emergencies and not training their employees to contact emergency services for medical emergencies.

## OPINION

Two different doctrines require this court to give preclusive effect to decisions previously rendered in federal or state court. *See Savory v. Cannon*, 947 F.3d 409, 418 (7th Cir. 2020) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)) ("The usual rules of preclusion apply in section 1983 actions."). Because *Ramirez I* proceeded in federal court, the preclusive effect of this court's and the Seventh Circuit's decisions is determined by federal common law. *Daza v. State*, 2 F.4th 681, 683 (7th Cir. 2021).

4

Under federal law, the doctrine of claim preclusion (or "res judicata") bars a second lawsuit in federal court regarding all issues that were or could have been litigated in a previous federal lawsuit. *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). The doctrine of issue preclusion (or "collateral estoppel") is narrower and bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Bernstein v. Bankert*, 733 F.3d 190, 225 (7th Cir. 2013) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Because the court concludes that claim preclusion applies to all of plaintiff's claims regarding the assault itself, it is unnecessary to discuss defendants' alternative argument regarding issue preclusion as to those claims. Finally, the court finds that neither doctrine can be applied to the claims regarding plaintiff's medical care following the assault, so plaintiff may continue to proceed on those claims.

I. **Assault-Related Claims**

The doctrine of claim preclusion is "appropriate when three criteria are met: (1) identity of parties; (2) identity of claims; and (3) a prior final judgment on the merits." *Daza*, 2 F.4th at 683 (citing *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594-95 (2020)). The doctrine generally "prevents parties from raising issues that could have been raised and decided in a prior action -- even if they were not actually litigated." *Lucky Brand*, 140 S. Ct. at 1594. In other words, "[i]f a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the

parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*. at 1594-95 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). As discussed below, defendants have shown that all three requirements for claim preclusion have been met with respect to the excessive force and retaliation claims.[7]

### A. Final Judgment on the Merits

A judgment on the merits is one that "completely disposes of the underlying cause of action . . . or determines that the plaintiff has no cause of action." *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981). In *Ramirez I*, this court granted defendants' motion to dismiss the Doe defendants and motion for summary judgment as to all claims against the Doe defendants, and later entered final judgment in favor of the remaining named defendants in motion practice and ultimately following the jury's finding of no liability as to the remaining defendants Sweeney and Kranski. Plaintiff appealed the judgment and as previously mentioned, the Seventh Circuit affirmed, completely disposing of *Ramirez I*.

While plaintiff argues that there was no final judgment on the merits in *Ramirez I* because the Doe defendants were not dismissed with prejudice, he fails to cite any authority requiring dismissal with prejudice for claim preclusion to apply. Indeed, most of the cases that plaintiff cites are not on point, as they involve unrelated issues of appellate jurisdiction, probation revocation, and bankruptcy proceedings. *E.g.*, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1020 (7th Cir. 2013) (discussing whether dismissal of

---

[7] Because defendants addressed the elements in reverse order, beginning with the finality of judgment in *Ramirez I*, this opinion will do the same.

complaint was appealable); *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 687 (7th Cir. 1998) (holding involuntary dismissal of complaint without prejudice was not final decision for purposes of appeal because plaintiff could file another complaint); *People v. Bone*, 82 Ill. 2d 282, 287, 412 N.E.2d 444, 447 (1980) (discussing res judicata effect of probation revocation proceedings).

Plaintiff's reliance on *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331 (7th Cir. 2015), is closer to the mark, but in that case, the Seventh Circuit found a previous dismissal of a civil complaint did not have preclusive effect because the district court had given "multiple signals in [its] order and judgment that Reed could replead" and try again in another lawsuit. *Id*. at 336. More specifically, the court of appeals found it significant that the district court had made clear that it was dismissing the case without prejudice for failure to comply with Rule 8, which is a rule that usually permits repleading. *Id.* ("[L]itigants may and should rely on the specific wording of a Rule 58 judgment to determine whether a judgment is final and appealable."). However, nothing in this court's summary judgment order in *Ramirez I* would signal to plaintiff that he could replead his claims against the Doe defendants.

While plaintiff argues that he was allowed to file an amended complaint in *Ramirez I*, his failure to do so by the two deadlines set by the court resulted in the dismissal of his claims against those "Doe" defendants. (*Ramiriez I*, dkt. #67 at 8-9 ("Judge Crocker gave plaintiff two different deadlines to file an amended complaint identifying those defendants (May 12, 2017, and January 26, 2018), but he has never done so . . . Given Ramirez's unclear intentions, as well as his repeated failure to follow the court's orders or pursue

7

specific discovery, plaintiff has no excuse for still failing to actually name the additional Doe defendants.").) In particular, unlike in *Reed*, this court made it plain that plaintiff had run out of time to add new defendants: "Even taking into account his pro se status, allowing him to amend his complaint would unfairly prejudice the defendants." *Id.* Accordingly, this court dismissed the Doe defendants under Federal Rules of Civil Procedure 12(b)(6), 41(b), and 56, having found that Ramirez failed to develop and prosecute his claims against anyone else, even though he had been given ample opportunity to do so. Moreover, plaintiff did not appeal that ruling.

Under any of these rules, therefore, dismissal was a final judgment on the merits for preclusion purposes. *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (dismissal pursuant to Rules 12(b)(6) and 41(b) amounts to final judgment on merits for res judicata purposes unless plaintiff files a timely appeal within 30 days); *Gravelle v. Avis Indus. Corp.*, No. 21-1557, 2021 WL 4204947, at *2 (7th Cir. Sept. 16, 2021) (dismissal of complaint for failure to state a claim, after failure to amend, is on the merits); *Qualls v. NIU Bd. of Trustees*, 272 F. App'x 512, 513-14 (7th Cir. 2008) (summary judgment is final judgment on the merits for purposes of claim preclusion); Rule 41(b) (unless dismissal states otherwise, dismissal operates as an adjudication on the merits). Thus, this element of claim preclusion is met.

### B. Identity of Claims

Next, "the test for an 'identity of the causes of action' is whether the claims arise out of the same set of operative facts or the same transaction." *Bernstein*, 702 F.3d at 995-96; *see also Lucky Brand*, 140 S. Ct. at 1595 (the two claims must "involve a common nucleus

8

of operative facts"). To make this determination, "courts should consider totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds," *Bernstein*, 702 F.3d at 995-96, but they are "not limited to the words in the complaint; we instead are examining the complaint to discern the basis of the litigation," *Daza*, 2 F.4th at 684. "Anything falling within that common nucleus, whether or not actually raised, falls within the scope of the claim and is thus subject to claim preclusion in a later case." *Id*. In other words, a plaintiff cannot avoid claim preclusion by adding new theories to the second suit. *Averhart v. Sheriff of Cook County Illinois*, 752 F.3d 1104 (7th Cir. 2014) ("[A]ll legal theories that concern the same events to be brought in a single suit.").

There can be no dispute that both of plaintiff's lawsuits arise out of the same event -- the alleged assault on November 12, 2014 -- and are based on the same common set of operative facts. In *Ramirez I*, plaintiff unsuccessfully argued, as he does here, that after he refused to follow defendant Wollenzien's order to put on a blue jail shirt, he was physically assaulted and beaten at the Dane County jail by numerous sheriff's deputies. While plaintiff argues that only his excessive force claims against Kranski and Sween were actually litigated in the previous lawsuit and his new lawsuit includes completely different claims not resolved by this court on their merits, that is not the scope of claim preclusion. Instead, the doctrine prevents parties from raising *any* claims that could have been raised and decided in a prior action, even if they were *not actually litigated*. *Lucky Brand*, 140 S. Ct. at 1594.

Plaintiff also seems to suggest that he did not have a full and fair opportunity to litigate his claims against *all* of the defendants involved in the alleged assault and retaliation in his earlier case because the court denied his request to consolidate *Ramirez I* and *II*. *See Jones v. City of Alton, Ill.*, 757 F.2d 878, 884 (7th Cir. 1985) ("One general limitation is that the concepts of claim and issue preclusion (res judicata in the broad sense) cannot apply when the party against whom the earlier judgment is asserted did not have a full and fair opportunity to litigate the issue in the earlier case."). However, unlike in *Jones* -- where the state court excluded some of plaintiff's proposed claims as irrelevant, 757 F.2d at 885-86 -- this court did not *prevent* plaintiff from bringing his additional excessive force and retaliation claims in *Ramirez I*. *See id*. at 887 (distinguishing case from *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 1982), in which plaintiff, who made no attempt to raise race discrimination in state proceeding, was appropriately precluded from later raising discrimination claim in federal court).

Rather, this court not only permitted plaintiff to file an amended complaint, but encouraged him to do so on multiple occasions, while plaintiff repeatedly disregarded explicit deadlines for doing so. As noted, however, by the time plaintiff filed *Ramirez II* and sought consolidation of his two cases, the trial in *Ramirez I* was *less than* two weeks away. Given this timing, the court concluded that: (1) plaintiff brought his consolidation motion in bad faith; and (2) expanding the scope of *Ramirez I* at that time would cause undue prejudice and delay. Thus, contrary to plaintiff's contention, the court's previous denial of his motion to consolidate does not magically render his current claims against

10

*different* defendants distinct or put them outside the common nucleus of operative facts of his earlier lawsuit. Accordingly, this element of claim preclusion is also met.

### C. Identity of Parties

Finally, claim preclusion may bar subsequent suits even against defendants who were not parties to the prior suit if their interests are closely related to or "in privity" with the defendants in the earlier lawsuit. *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998); *LeSure v. Walmart Inc*, No. 23-cv-1002, 2023 WL 8356796, at *4 (E.D. Wis. Dec. 1, 2023). Plaintiff does not argue, and nor can he, that the newly named sheriff's deputies and the county are not in privity with the defendants in *Ramirez I*. Indeed, plaintiff *admits* that: defendants Wollezien, Riley, Brandon, Widenfeld, and Haure are the same Doe defendants that the court *dismissed* at summary judgment in *Ramirez I*, *and* all of the county defendants acted in concert to deprive him of his constitutional rights. (*Ramirez II*, Pltf's Br., dkt. #51 at 3-4; *see also Ramirez I*, Summ. Judg. Ord., dkt. #67 at 8 ("[T]here has been no mystery as to the participants in the incident itself since shortly after its occurrence in 2014, given that the incident report prepared shortly after lists six responding officers (Wollenzien, Riley, Michael Haure, Sween, Kranski, Ryan Brandon, and Melissa Wiedenfeld).") Moreover, the county defendants in *Ramirez II testified* as witnesses in depositions and at trial during *Ramirez I*.

Accordingly, all three elements of claim preclusion are met as to all of the Dane County Sheriff Deputy defendants[8] in this case, so plaintiff's current claims against those

---

[8] Specifically, these defendants include Wollenzien, Riley, Haure, Brandon, Wiedenfeld, and any John/Jane Doe deputies.

11

defendants must be dismissed. As discussed further below, Dane County will remain a defendant for the purposes of the *Monell* claim.

## II. Medical Care and *Monell* Claims

Defendants correctly note that while plaintiff did not bring any medical care claims in *Ramirez I*, even if his lack of medical care for the injuries he sustained during the alleged assault was the subject of discovery and discussion in that case. (*See Ramirez I*, dkt. ##53, 58, 63, 100, 130, 134.) Indeed, in multiple filings in *Ramirez I*, plaintiff made the same allegations he makes in this lawsuit: his medical requests were not adequately responded to; he was not allowed to see a doctor; medical staff refused to order X-rays; after he had a heart attack on November 20, 2014, deputies told him they were calling Flight for Life but then placed him in an observation cell instead of taking him to the hospital; and one of the doctors at the jail conspired with jail staff to cover up the alleged assault. (*See Ramirez I*, Pltf.'s Prop. Find. of Fact, kt. #52 at ¶¶ 86, 96; Pltf.'s aff., dkt. #53 at ¶¶ 32-38, 40, 45; Pltf.'s inmate griev., dkt. #53-16.) Therefore, defendants understandably argue that because plaintiff made the actions of the healthcare defendants a critical part of *Ramirez I*, and plaintiff had full access to his medical records to identify any individual responsible for his allegedly inadequate medical care, he could (and should) also have raised any claims concerning his healthcare and the jail healthcare policies in his first lawsuit.

While defendants raise a fair point, considering the nature of plaintiff's previous and current claims, the law involved, and the respective factual background, the court concludes that plaintiff's excessive force claims in *Ramirez I* are sufficiently different and involve a different set of operative facts than his current medical care and *Monell* claims in

*Ramirez II*. In addition, the court is not persuaded that the healthcare defendants in *Ramirez II*, including Correct Care and the nurses employed by that agency, share the same legal interests as the law enforcement defendants in *Ramirez I*: they have different employers and were providing a different type of service for the county. Therefore, the court declines to apply claim preclusion to bar plaintiff's medical care and *Monell* claims. Finally, defendants have failed to argue persuasively that any issue of fact or law regarding plaintiff's medical care following the alleged assault was actually litigated and resolved and essential to the judgment in Ramirez I for issue preclusion to apply. *See Bernstein*, 733 F.3d at 225.

Accordingly, defendants' motions to dismiss plaintiff's Eighth Amendment medical care claims against defendants Shannon, Rios, Wiersma, and John/Jane Doe Correct Care staff, and plaintiff's Eighth Amendment medical care *Monell* claim against defendants Correct Care and Dane County, are denied.

ORDER

IT IS ORDERED that the county defendants' motions to dismiss plaintiff's complaint as barred by claim and issue preclusion (dkt. ##41 and 48) are GRANTED IN PART and DENIED IN PART:

1) Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims, and defendants Seth Wollenzien, Brian Riley, Michael Haure, Ryan Brandon, Melissa Wiedenfeld, and John/Jane Doe Deputies, are DISMISSED.

2) Defendants' motions are denied in all other respects.

Entered this 1st day of May, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge