IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIEL G. RAMIREZ,

Plaintiff,

v.

OPINION AND ORDER

20-cv-1027-wmc

DANE COUNTY, NURSE SHANNON, B. WIERSMA, STEPHANIE RIOS, MICHAEL MOLEMAN, BRENDA BREDLOW, GEOFF CODLYN, GREG KILLIAN, TSETAN DOLQAR, SAMIA GORGE PRATT, and TSERING KHARTISANG,[1]

Defendants.

---

Plaintiff Ramirez, a state prisoner representing himself, is proceeding on Eighth Amendment claims against Dane County, Wisconsin, and several privately employed nurses regarding allegations that he received inadequate medical care following an assault that reportedly occurred during his detention at the Dane County Jail in November 2014, while he was awaiting an appearance in state circuit court. Specifically, plaintiff is suing the county pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), based on allegations that its emergency medical care policy is unconstitutional, and he alleges further that the individual defendants, who are nurses employed by former defendant Correct Care Solutions (a/k/a Wellpath LLC), failed to examine or timely treat him in the health services unit of the Dane County Jail. (*See* Screen Ord., dkt. #14.)

Now before the court are defendants' motions for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies under the Prison

[1] The court has revised the caption to correct the spelling of defendants' names.

Litigation Reform Act ("PLRA") with respect to his claims against them. (Dkt. #90 (nurse defendants' motion) and #96 (county's motion).)[2] For the reasons below, court will grant defendants' motions and dismiss this case without prejudice.

BACKGROUND

At the relevant time in 2014, the Dane County Jail had policies and procedures in place that governed inmate grievances. Inmates were notified of these procedures through the inmate handbook, which plaintiff admits receiving at his initial intake. (Dkt. #125, at 3-4.) Specifically, Section VII of the handbook, entitled "Formal Grievance Procedure" required the following:

> A. You must first attempt to make every effort to informally resolve your complaint (i.e., general request form, verbal communication, etc.) with the housing unit deputy prior to being issued a grievance form.
>
> B. Grievances may not be filed for issues involving major discipline (i.e., disciplinary hearings) because a separate appeal process is available.
>
> C. Prepare the grievance only on the form provided to you, by your housing unit deputy. The grievance shall address only one issue and must affect you personally. You cannot submit more than one grievance form for the same incident. You must make sure the form is completely filled out and accurate. Your response is limited to the area provided on the grievance form.
>
> * * *
>
> H. Within ten (10) business day following the receipt of your grievance, you will be given a letter of acknowledgment and/or decision from a Sergeant or their designee.
>
> I. If you are not satisfied with the decision made on your grievance, you may

[2] This court had previously stayed this case on November 20, 2024, in accordance with an interim order entered by the U.S. Bankruptcy Court for the Southern District of Texas, and after the stay expired on August 8, 2025, reset briefing on the exhaustion motions for March 2026. (Dkt. ##106, 118, 121.)

submit an appeal to the Jail Captain within five (5) business days of receiving your grievance decision. You may submit an appeal using the same process as stated above. Write the grievance number onto the appeal form.

J. The Jail Captain is the final level of appeal. However, filing a grievance does not exclude you from pursuing other avenues of redress outside the Dane County Sheriff's office.

(Dkt. #95-1, at 30-31.)

Plaintiff submitted several grievances while he was detained at the Dane County Jail, but only one of his grievances related to his medical care. (*See* dkt. #93-1, at 6-7; dkt. #93-2, at 119-20; dkt. #95-2, at 11-12.) Specifically, on November 24, 2014, plaintiff submitted Grievance No. 18189, complaining that the doctor who saw him for sharp rib pain on November 21, 2014, failed to order x-rays of his ribs or take "proper measures," causing him to suffer a heart attack the next day. (Dkt. #95-2, at 11-12.) While plaintiff also mentions in this grievance that the deputies did not follow procedures for an inmate suffering a heart attack, he did not complain about any nursing staff, the lack of an emergency medical care policy, or training of staff at the jail. (*Id.*) The grievance was denied on December 1, 2014, noting that plaintiff had refused to allow nursing staff to evaluate his injuries following an altercation with security staff on November 12, 2014, but was promptly and appropriately treated when he requested a sick call on November 19. (*Id.* at 12.) Plaintiff did not appeal the denial of the grievance. (Dkt. ##93 and 95; *see also* dkt. #125, at 17 (plaintiff's failure to argue that he did not exhaust the grievance process).)

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendants must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiff's Eighth Amendment claims in this case are based on his allegations that: (1) defendant Dane County had a policy of failing to transport prisoners to hospitals even if the prisoner had a medical emergency and failing to train their employees to contact emergency services for medical emergencies; and (2) the individual nurse defendants did not examine or treat him after the alleged assault, including ignoring his complaints about blood in his urine. However, defendants have submitted evidence that even though

plaintiff filed several grievances regarding his conditions of confinement at the jail, including one against a doctor who allegedly denied him medical care following an altercation with security staff, none of the grievances related to the nursing defendants or the county's alleged failure to train staff or transport inmates to the hospital. Thus, defendants contend that plaintiff failed to exhaust his administrative remedies because he did not file any grievances regarding the specific claims in this case nor even appeal the one grievance related to his medical care. Plaintiff has not disputed this contention,[3] arguing instead that his release from confinement on April 20 or 21, 2015, "defeats [defendants'] failure-to-exhaust defense because released inmates are not bound by the PLRA exhaustion requirement." (Dkt. #125, at 17.)

To the contrary, the PLRA and its exhaustion requirement applies to all suits about conditions of confinement filed by a "prisoner," who is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). To determine whether a plaintiff is a "prisoner" under § 1997e(h), the Seventh Circuit requires courts to "look to the status of the plaintiff at the time he brings his suit." *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) (citing *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998)). While a prisoner may avoid the PLRA "by waiting until his release from prison" to bring his claim, *Kerr*, 138 F.3d at 323, if he is released or transferred while his claim is pending, the PLRA

[3] Indeed, plaintiff's response brief is almost entirely devoted to the merits of his claims and contains only a limited discussion of the exhaustion issue.

continues to apply. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) ("That he is no longer a prisoner at the time of this appeal does not excuse him from the exhaustion requirement since exhaustion is a precondition to the filing of a complaint in federal court."); *Vine v. Johnson*, No. 23-cv-860, 2025 WL 993776 (W.D. Wis. Feb. 13, 2025) (transferring to new facility does not preclude inmate from exhausting available remedies).

Here, plaintiff filed his initial complaint and all of his amended complaints in this case while he was incarcerated at Fox Lake Correctional Institution. (Dkt. ##1, 12, 13, and 103.) The fact that he may have been released from custody in April 2015, *before* he filed his complaint in this case, is irrelevant. Because plaintiff was a "prisoner" at the time he filed this lawsuit in 2020, he is bound by the PLRA's exhaustion requirement and was required to exhaust his administrative remedies prior to filing this lawsuit at the facility where the constitutional injury alleged occurred, which in this case was the Dane County Jail. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (allegations in prisoner's grievance must relate to claim prisoner is pursuing in federal court); *Witzke*, 376 F.3d at 750. Indeed, the record before the court establishes that plaintiff both was made aware of the jail's grievance process and knew how to use that process to submit grievances and appeal grievance determinations.[4]

Because defendants have proven that plaintiff failed to exhaust his administrative remedies with respect to his Eighth Amendment claims against them, his claims must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll

[4] Moreover, plaintiff has not provided any reason why he could not have filed grievances related to his claims in this case or appealed the December 1, 2014 denial of his only medical care grievance.

dismissals under § 1997e(a) should be without prejudice."). This means plaintiff can technically refile these claims if he can successfully exhaust them, but he will likely find it impossible to file a proper grievance because the relevant events happened too long ago.

ORDER

IT IS ORDERED that:

1. Defendants' motions for summary judgment for failure to exhaust administrative remedies (dkt. ##90 and 96) are GRANTED.

2. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered this 24th day of November, 2026.

BY THE COURT:

/s/
________________________________
WILLIAM M. CONLEY
District Judge